*G. W. Dunlap, for appellant.*

*George R. McKee, Burdett & Hopper, for appellee.*

---

DAVID K. GORHAM, ET AL., *v.* ELIZABETH POWELL, ET AL.

**Commissioner's Deed—Partition.**

> A commissioner's deed in a partition proceeding, where he is ordered to make a deed conveying a portion of the land to a party to the suit which has been set off to him, will convey all the interests of all the parties to the suit to such party notwithstanding it is so drawn as to assume to convey the interest of certain of said parties.

**Statute of Limitations.**

> Where a mistake is made in a deed the statute of limitations will not begin to run until the mistake is discovered, provided it is discovered and the suit brought within ten years after the mistake occurred, but where more than ten years elapses between a mistake and the filing of a suit it becomes immaterial when the mistake was discovered.

### APPEAL FROM SCOTT COURT OF COMMON PLEAS.

March 29, 1877.

OPINION BY JUDGE COFER:

The decree in *Settle and Herndon v. Barkley* directed the court to allot to Herndon in severalty three-sevenths of the McEldery tract according to quantity and quality. The allotment was made, and May 28, 1859, the commissioner filed his report describing the land by metes and bounds. The report was confirmed on the day it was filed, and on the same day the commissioner, in obedience to an order of the court, conveyed the land thus allotted to Herndon. That deed only purports to convey on behalf of Sarah Jones, Cynthia Powell and Thomas McEldery, three of the seven coparcenors.

The decree pursuant to which the deed was made directed the interest of Mrs. Jones, Mrs. Powell and Thomas McEldery to be set apart in severalty to Herndon, and the object certainly was to invest him with the title to the portion so set apart.

That Herndon so understood it is manifested by his conveyance to Gorham. Settle entered on the land under his purchase from Barkley and continued in possession of the whole tract by himself and Herndon until the decree of 1856 was rendered; after that Herndon claimed to the extent of the boundary of the commissioner's deed, and sold and conveyed that boundary to Gorham, who seems to have claimed and held under his deed in severalty, and not as tenant in common with those heirs of McEldery who still retained their interest. The holding of Herndon and Gorham was thus adverse, and was a distinct recognition of the partition made under the decree. The decree was made in 1856, and the partition was certainly made as early as October 14, 1858, the date of Herndon's deed to Gorham, and this suit was not commenced until August 14, 1871, nearly thirteen years after the division was made, and more than twelve years after the date of the commissioner's deed.

If a mistake was made the statute of limitations did not begin to run until the mistake was discovered, provided it was discovered, and

the suit was brought within ten years after the mistake occurred. But as more than ten years elapsed between the mistake and the filing of this suit it is immaterial when the mistakes were discovered. Sec. 5, Art. 3, Chap. 63, Rev. Stat.

The omission from the commissioner's deed of the names of the other heirs of McEldery does not affect the title to the land conveyed. The court, by its judgment, directed the interests owned by Herndon under Settle's purchase from Barkley to be set apart in severalty to Herndon, and that having been done and reported, the court ordered the commissioner to convey to Herndon in accordance with the report, that is, to convey to him the land allotted, which was, in effect, to direct the conveyance on behalf of all the heirs of McEldery; and a deed having been made under that order it passed the title of all the heirs to the grantee to the extent of the boundary. Sec. 426, Civil Code.

But if such were not the case, the effect would still be the same. The judgment directed three-sevenths to be set apart to Herndon, and that having been done and the report of allotment confirmed, and the time within which the order of confirmation could have been vacated having elapsed, the appellants are without remedy.

Wherefore the judgment is *affirmed.*

*Darnaby & Payne, A. Duvall, for appellants.*

*George E. Prewitt, for appellees.*